UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TYRONE SANDERS, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) No. 1:20-cv-02947-TWP-TAB |
| WARDEN, | ) ) ) |
| Respondent. | ) ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on a petition for a writ of habeas corpus filed by Petitioner Tyrone Sanders (Dkt. 1). In August 2019, an officer found a cell phone in a bathroom at New Castle Correctional Facility ("New Castle"). It contained photographs and video of inmate Sanders, and it had recently been used to make a telephone call to Sanders' brother. The prison staff disciplined Sanders for possessing a cell phone in violation of the Disciplinary Code and Indiana law. In his petition for a writ of habeas corpus, Sanders challenges his disciplinary conviction and asks the Court to restore his lost earned credit time. Because Sanders was afforded due process in the disciplinary proceeding, the Court must **deny** his petition.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial

decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

An evidence record documents that an officer found a smart phone in a bathroom at New Castle on August 15, 2019. Dkt. 5-2 at 2. Data was extracted from the phone, including photographs and video. *See* dkt. 5-2; dkt. 6 at 7; dkt. 10.

Officer Christopher Sanford determined that Sanders appeared in at least one picture found on the phone. Dkt. 5-1; *see also* dkt. 6 at 7 (picture captioned as Tyrone Sanders). Video extracted from the phone shows multiple inmates, including Sanders. *See* dkt. 10. And on July 12, 2019, the cell phone was used to place a call to a telephone number associated with Sanders' brother. Dkt. 6 at 4–5.

Possessing a cell phone while incarcerated is a misdemeanor in Indiana. Ind. Code 35-44.1-3-8. Officer Sanford determined that the data on the cell phone showed that Sanders was "in possession of the phone on multiple occasions" and that Sanders had therefore violated Indiana law. Dkt. 5-1.

On October 2, 2019, the prison staff notified Sanders that he was charged with violating Code 100. Dkt. 5-4. According to the screening report, Sanders requested to review "concrete evidence showing this phone was in Offender Sanders['] possession" and "[a]ny paperwork or recorded evidence." *Id.*

Officer T. Thompson determined that security video showing the officer finding the telephone had not been preserved, dkt. 5-11, and that allowing Sanders to review the video

extracted from the phone would jeopardize prison security, dkt. 5-10. However, Officer Thompson accurately summarized the video as showing Sanders and other inmates "looking and talking into the phone[']s video camera while a video is being recorded." *Id.*

It is not clear whether the prison staff allowed Sanders to review any of the other pictures or data extracted from the phone. *See generally* dkt. 6. Sanders obtained written statements from two fellow inmates who said they were near the bathroom in question on August 15, 2019 and did not see an officer confiscate a phone. *See* dkts. 5-8, 5-9.

The disciplinary case, NCF-19-10-0005, proceeded to a hearing on October 17, 2019. Dkt. 5-7. Officer Thompson found Sanders guilty of possessing the cell phone and assessed sanctions, including a loss of earned credit time and a credit class demotion. *Id.* Officer Thompson noted on the hearing report that he considered Officer Sanford's reports, the video and pictures extracted from the phone, and Sanders' phone list, which featured his brother's telephone number, which matched one of the numbers in the cell phone's call log. *Id.* As part of his reasoning, Officer Thompson wrote that Sanders "had to have possession of the phone to use it." *Id.* Sanders' administrative appeals were denied. Dkts. 5-14, 5-15, 5-16.

### III. Analysis

Sanders asks the Court to grant habeas relief for three reasons. First, he asserts that the hearing officer's decision lacks evidentiary support. Second, he asserts that his evidence requests were wrongly denied. Finally, he asserts that his disciplinary sanctions were not approved by the proper prison officials. After reviewing the record, the Court cannot grant Sanders' petition on any of these grounds.

## A. Sufficiency of Evidence

Sanders first argues that no evidence supports the hearing officer's conclusion that he possessed the cell phone. Specifically, he argues that he did not live in the housing unit where the cell phone was found.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

The "'some evidence' standard" is "a 'meager threshold.'" *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 939). Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Id.* This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

"Some evidence" supports Officer Thompson's conclusion that Sanders possessed the cell phone. Regardless of where the phone was found, it contained pictures and video of Sanders. Officer Thompson could reasonably infer that someone took those pictures and filmed that video using the cell phone. Moreover, the phone was used to call a number assigned to Sanders' brother

on his phone list. Together, these pieces of circumstantial evidence support the conclusion that Sanders possessed the phone at some point while in prison.

Sanders' emphasis on the location where the phone was found is an argument that "other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348. Because sufficient evidence supports the hearing officer's decision, the Court cannot entertain that argument.

**B.     Denial of Evidence**

Sanders next asserts that the prison staff wrongly prevented him from reviewing video evidence showing where the cell phone was located. He wished to use the video to establish that he did not live in the unit where the phone was found.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones*, 637 F.3d at 847. Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008). As the petitioner, Sanders faces the burden of establishing that any evidence he was denied was material and exculpatory. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (noting the petitioner did not "explain how [the requested witness's] testimony would have helped him" and thus "the district court properly denied relief" on the petitioner's claim that he was wrongfully denied a witness).

If video of the search simply was not preserved, the prison staff could not violate Sanders' rights by failing to disclose it. "Prison administrators are not obligated to . . . produce evidence they do not have." *Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017).

Regardless, video of the search would not have been material or exculpatory, so due process never entitled Sanders to review it if it did exist. There is no meaningful dispute about

where the phone was found or where Sanders lived when the phone was found. The Court accepts that Sanders did not reside in the unit where the cell phone was found. But he was charged with possessing a cell phone in prison—not possessing a cell phone in exactly the location where it was found. The cell phone contained images of Sanders, and it was used to telephone his brother. These facts provide strong circumstantial evidence that Sanders used the cell phone somewhere in the prison, regardless of where it was found, and video of the search therefore would not have changed the analysis.

**C.     Approval of Sanctions**

Finally, Sanders asserts that the hearing officer imposed his sanctions without first gaining the warden's approval. Dkt. 1 at 3. Regardless of whether prison policy required the warden to approve Sanders' sanctions—as Sanders contends—this is not a basis for habeas corpus relief. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Sanders' petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, the petition for a writ of habeas corpus is **denied,** and the action is **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  8/30/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TYRONE SANDERS
258851
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov